UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAPHNEY CANDY,

                          Plaintiff,

        -against-                                   **COMPLAINT**

MANAGED LABOR SOLUTIONS, LLC,               1:24-cv-308 (LEK/CFH)
THE HERTZ CORPORATION,
and ANTHONY REED (individually and
in his official capacities),

                        Defendants.
------------------------------------------------------------------------X

     Plaintiff, DAPHNEY CANDY, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*; the New York State Executive Law, Human Rights Law, Section 290 *et seq.*; and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

1

4.  All conditions precedent to maintaining this action have been fulfilled. Moreover, a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was issued on December 5, 2023. This action was properly instituted within ninety (90) days of the issuance of said letter. A copy of said letter is attached hereto as Exhibit "A".

## PARTIES

5.  At all relevant times mentioned, Plaintiff Daphney Candy ("Candy") was a resident of the County of Schoharie, State of New York during the applicable time period referenced below. Candy is currently a resident of the County of Nassau, State of New York.

6.  Defendant, Managed Labor Solutions, LLC ("DOE"), was and still is a limited liability company located at 28 Liberty Street, New York, NY 10005.

7.  Defendant, The Hertz Corporation. ("Hertz"), was and still is a domestic corporation authorized to do business in the State of New York located at 8501 Williams Road, Estero, FL 33928.

8.  Defendant, Anthony Reed ("Reed"), at all relevant times, was Plaintiff's coworker. Reed aided, abetted, compelled and/or incited the unlawful treatment set forth below. Reed is employed by Hertz.

## FACTS

2

9. In or around February 2022, Candy began working for MLS as a temporary employee. On or about February 8, 2022, MLS assigned Candy to work at Hertz's Latham, New York location as a Cleaner.

10. Hertz was Candy's co-employer. Hertz controlled 100% of the aspects of Parker's job. Hertz determined and controlled Candy's work schedule, supervised her role exclusively, determined which tasks she worked on, gave feedback on her work and like any other Hertz employee, determined on an employment at-will basis whether Candy's employment ended or not. Hertz provided all resources for Candy's job which included physical and logical resources (logon IDs, computer, phone).

11. Shortly after she began working for Hertz, Hertz hired Cleaner, Reed. Thereafter, Candy was subjected to sexual harassment at the hands of Defendant Reed, who regularly made inappropriate sexual comments to Candy.

12. More specifically, shortly after Reed, who is married, began working for Defendant Hertz, he began inundating Candy with inappropriate sexual comments. Reed made these inappropriate sexual comments to Candy on a near-daily basis every time he worked with her. However, Candy denied his advances and made clear that she was not interested.

13. On or about April 19, 2022, while Candy was speaking to MLS Employee, Dashawn (Last name unavailable) "Dashawn", but Reed mistakenly thought Candy

3

was talking about him, but Candy denied it and walked away. Then, after Candy continued speaking with Dashawn, Reed again approached Candy and angrily berated Candy. Reed stated words to the effect of, "I will beat the shit out of you and you trying to make me lose my job bitch." Shortly thereafter, Candy complained to Operational Manager, Eric Browne, ("Browne") about sexual harassment but Browne merely told Candy to go back to work. So, Candy's complaint was ignored, and no corrective measures were taken.

14. In May 2022, Reed approached Candy and begged her to tell him why she did not call him, so she replied because he was married. Reed then stated, "I am married everybody at the job knows I hate my wife and would give you a baby." As such, Reed further subjected Candy to sexual harassment. However, Candy ignored Reed's inappropriate sexual comment and walked away to wash a different car.

15. On or about June 4, 2022, Candy got into a car accident, which resulted in her car being totaled. As a result, she had to take the bus to work unless she could make other arrangements. On two occasions over the next three (3) or four (4) weeks, Reed gave Candy a ride to work. However, during those commutes to work, Reed showed her photos of naked people he said, "wanted to f*ck me." Additionally, Reed made inappropriate sexual comments including, "When are you going to sit on my dick?" and insinuated that many girls "want to sit on my d*ck so you should also." Candy opposed these inappropriate sexual comments and actions.

16. On several occasions including in July 2022, Reed walked near Candy and falsely told coworkers such as Dashawn and MLS Employee, Jashawn (Last name unavailable) that Candy was his girlfriend. Candy opposed Reed's comment. However, Reed also dissuaded coworkers from talking to her. Candy opposed these comments and reiterated to Reed that he was married.

17. On or about July 19, 2022, after Candy repeatedly rejected Reed's advances, Reed called Candy, "mad retarded" numerous times but Candy ignored his discriminatory comments. Later that day, Candy saw Reed approaching her, so to defend herself, she sprayed him with water after the deluge of sexual harassment and violent threats Reed subjected her to. In response, Reed threatened Candy and exclaimed words to the effect of, "I am going to f*ck you up you bitch ass n*gga." Candy responded reiterating that she was not interested in him and that he is a married man.

18. Additionally, later that day, as Reed drove off for the day, he again threatened Candy, stating, "I should have fucked you up bitch." Shortly thereafter, Browne arrived on the scene, so Candy again complained to Browne about sexual harassment. Additionally, Browne explained to Candy that Hertz General Manager, Kyle (Last name unavailable) was supposed to call Candy to discuss the incident, but he never did. However, her complaint was ignored, and no corrective measures were taken.

19. Later that day, Candy called MLS and complained to Human Resources Associate, Jordan Labour ("Labour") about sexual harassment and that she was threatened with violence. Labour asked Candy if she wanted to resign, to which Candy said no and reiterated that she just wanted to work. However, later that day, MLS Supervisor, Tina (Last name unavailable) called Candy and told her that she was no longer needed. As such, Candy was abruptly terminated after she was regularly subjected to sexual harassment and complained about same.

20. On or about July 24, 2022, Candy sent a text message to the General Manager Kyle Bowen complaining that she was terminated on July 19, 2022, after being sexually harassed and physically threatened on numerous occasions by Reed, and that she complained to Browne but her complaints were ignored and no corrective measures were taken. However, Candy's complaint was ignored, and her termination was final.

## CLAIMS FOR RELIEF

21. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her sex/gender and/or in retaliation for her opposition to discriminatory practices. Defendants MTS and Hertz's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq*.; and the Human Rights Law, New York State Executive Law, , §290, *et seq*.

48. The individual Defendant, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, and Human Rights Law § 296(6).

49. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages (against the individual defendant only), lost pay, front pay, injunctive relief, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.   Plaintiff demands a trial by jury.

Dated: Seaford, New York
March 4, 2024

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
2174 Jackson Ave.
Seaford, New York 11783
(347) 464-8694

_____/s_____
MATTHEW MARKS, ESQ.